# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Sharon Beadle

## DEFENDANTS
Stamford Board of Education a/k/a Stamford Public Schools

**(b)** County of Residence of First Listed Plaintiff: **Fairfield County**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Fairfield County**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
See Attachment

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS**
**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [X] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fair Labor Standards Act, 29 U.S.C. § 201 et seq., as amended by the Equal Pay Act of 1963, 29 U.S.C. 206(d) et seq.

Brief description of cause:
Wage discrimination: Defendant paid Plaintiff lower wages than males doing comparable work.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____
DOCKET NUMBER _____

DATE: Mar 31, 2022

SIGNATURE OF ATTORNEY OF RECORD: *(signature)*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# Attachment to
# CIVIL COVER SHEET

<u>Section I(c):  Attorneys for Plaintiff Sharon Beadle</u>

Frank J. Riccio, Esq.
The Law Offices of Frank J. Riccio LLC
923 East Main Street
Bridgeport, Connecticut 06608
(203) 333-6135

John A. Beranbaum, Esq.*
Reavis Page Jump LLP
41 Madison Avenue, 41st Floor
New York, NY 10010
(212) 763-4100

*Motion for admission pro hac vice pending

{02096298; 1}

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a)  **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b)  **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c)  **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III.  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.  **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V.  **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI.  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII.  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.  **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATE DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------------------------------------X
SHARON BEADLE,

                Plaintiff,

                                                                                 _____ Civ. ____

                                                                                  **COMPLAINT**

                v.                                                       **JURY TRIAL DEMANDED**

STAMFORD BOARD OF EDUCATION,
a/k/a STAMFORD PUBLIC SCHOOLS,

                Defendant

------------------------------------------------------------x

       Plaintiff, Sharon Beadle ("Beadle" or "Plaintiff"), by her undersigned attorneys, Reavis Page Jump LLP, for her Complaint against defendant Stamford Board of Education, a/k/a Stamford Public Schools ("SBE" or "Defendant"), alleges as follows:

**NATURE OF THE ACTION**

       1.      Beadle was employed for nine years by SBE as its Public Affairs Officer, a cabinet-level position, reporting to the Superintendent of Schools. During that period, Beadle was paid substantially less than male cabinet-level officers performing comparable work. Despite Beadle's yearly requests for salary increases and her complaint of gender-based wage disparity, SBE refused to increase her salary so as to be equal to the male cabinet officers who, like her, were non-certified educators. After Beadle resigned in September 2021 due to the unequal pay, SBE paid her male replacement, also a non-certified educator, a salary of more than $46,000 than she had received, despite the posted job description being identical for both Beadle and her male replacement, and despite his performing the very same job as she did. In paying Beadle less than male cabinet officers performing comparable work, SBE willfully violated both the Equal Pay Act of 1963, 29 U.S.C. § 206(d) *et seq.*, and the State of

Connecticut Discrimination in Compensation on the Basis of Sex ("Connecticut Equal Pay Law"), §§ 31-75 and 31-76.

## JURISDICTION

2. This Court has original jurisdiction over Beadle's claims pursuant to the Equal Pay Act of 1963, 29 U.S.C. § 206(d) *et seq.*, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## VENUE

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to the claims occurred in this judicial district.

## PARTIES

4. Plaintiff Sharon Beadle is a resident of Fairfield County.

5. Beadle is an experienced strategic communications professional with a Master's Degree in Marketing Communications, and more than 35 years of experience in communications. Specifically, she has 25 years' experience in strategic corporate communications, 9 years' experience as the Public Affairs Officer for the Stamford Public Schools and has served as a freelance communications consultant for professional associations and nonprofits.

6. In her corporate roles, Beadle was a highly valued and compensated leader at Verizon Communications and Ernst & Young. Among her many positions at Verizon, Beadle served as a speechwriter for the Chief Executive Officer and Vice President; was Director of Human Resources Communications; and she held numerous internal and external communication roles, including media relations, HR communications, information technology marketing communications and communications liaison for the Americas.

7.  Defendant SBE oversees the operations of the Stamford Public Schools and ensures the quality of education for Stamford Public Schools' students. SBE has nearly 16,000 students within the Stamford Public Schools, which includes 21 schools, and over 1,500 professionals in its employ.

8.  SBE is located in Fairfield County.

**FACTS**

9.  In December 2012, SBE hired Beadle as Public Affairs Officer, reporting directly to the Superintendent of Schools.

10. As Public Affairs Officer, Beadle's responsibilities included creating and updating district publications and information packets; writing news releases and communicating with the media; using social media to showcase the district's achievements and to communicate with parents; during crises, communicating with schools, the Board, media, health officials and attorneys; promoting the district to prospective families and the business community; partnering with community organizations and businesses to coordinate student enrichment opportunities; assisting the Superintendent in composing presentations and letters; and coordinating district events.

11. Throughout her tenure as Public Affairs Officer, Beadle's work performance was exemplary, and her yearly performance reviews were uniformly glowing.

12. At SBE, Beadle developed a long-standing reputation of building trusted client relationships by working closely with city and school district leadership teams to create and execute comprehensive strategic and crisis communications plans.

13. Beadle's accomplishments as Public Affairs Officer included the following:

- She served as a confidant to the Superintendent of Schools during a national teacher-student scandal, during which she was included in every legal and executive session. The counsel she provided set the stage for the final actions, including the firing of several

3

{02096761; 2}

administrators and the ultimate resignation of the Superintendent – in a successful effort to minimize the damage to the reputation of the school district;

- She was on call 24 hours a day, which was of critical importance during the COVID-19 pandemic, throughout which Beadle worked extraordinarily long hours and increased and improved the vital flow of communications to families, staff and community members and deftly handled myriad unprecedented circumstances, including matters outside the scope of her responsibilities such as her coordination of three virtual High School graduations within a four-week period;
- Led the project management, including design, photography and writing of several award-winning Community Annual Reports with an emphasis on personalizing the district;
- Developed and executed the District's strategic communications plan, including the launch of the District Strategic Improvement Plan;
- Initiated and managed the complete redesign of the District website and 21 school websites;
- Provided daily communications support to Cabinet and school leaders;
- Developed positive relationships with and pitched stories to local media to improve and increase coverage.

14. As Public Affairs Officer, Beadle was an Officer in the Superintendent's Cabinet, reporting directly to the Superintendent of Schools.

15. As of the time of Beadle's separation with SBE in September 2021, the Cabinet consisted of three educationally certified Officers, and five non-educationally certified Officers, one of whom was Plaintiff.

16. Apart from Beadle, all of the non-educationally certified Cabinet Officers were male.

4

{02096761; 2}

17. At the time of her hire, SBE paid Beadle a salary of approximately $90,000, and as of July 1, 2013, her salary was $91,053.

18. Throughout her employment with SBE, Beadle received 2% yearly salary increases, on information and belief, the same percentage as other Cabinet officers received.

19. During the period July 1, 2018 to June 30, 2019, Beadle was paid a base salary of $100,701 plus an annuity of $15,000, for a total of $115,701.

20. During the period July 1, 2019 to June 30, 2020, Beadle was paid a base salary of $102,899.32 plus an annuity of $15,000, for a total of $117,899.32.

21. During the period July 1, 2020 to June 30, 2021, Beadle's earnings were the same as the previous year.

22. At the time of her resignation on July 2, 2021, Beadle's annual earnings were $120,986 ($105,986 base, and $15,000 annuity).

23. Throughout her tenure as Public Affairs Officer, Beadle was paid substantially less than the male non-educationally certified Officers although she performed comparable work.

24. As of July 2021, Chris Soules, male, a non-educationally certified member of the Cabinet, holding the position of interim executive of Human Resources and Talent Development, earned $167,710 a year, or $46,724 more than Beadle.

25. As of July 2021, Ryan Feely, male, a non-educationally certified member of the Cabinet, holding the position of Director of Finance for approximately one year, earned $167,710 a year, or $46,724 more than Beadle.

26. As of July 2021, Kevin McCarthy, male, a non-educationally certified member of the Cabinet, holding the position of Director of Facilities - Operations since February 2021, earned $155,000 a year, or $34,014 more than Beadle.

27. David Patnaude, male, a non-educationally certified member of the Cabinet, holding the position of Director of Facilities – Capital Projects, who resigned shortly before Plaintiff's resignation, earned $155,000 a year, or $34,014 more than Beadle.

28. The substantial difference in pay between Beadle and the males holding the positions of Facilities Officers, Director of Finance, and Executive Director of Human Resources could not be justified on their responsibilities or qualifications because, like Beadle, they were not certified educators.

29. On information and belief, SBE paid Beadle less than the male, non-certified Cabinet Officers throughout her tenure.

30. Beadle recognized that she was severely underpaid, and for the last seven years of her employment she requested a raise, and each time her request was denied.

31. On June 22, 2021, Beadle requested a $35,000 raise and explicitly raised the issue of gender inequality. In her letter to Superintendent Tamu Lucero, Beadle set out her achievements as Public Affairs Officer, and stated,

> Of the five, non-educationally certified members of cabinet, I am the only woman and have qualifications for my role that are equal to or greater than what others have for their roles (20+ years' experience in strategic communications, eight years in school communications and an advanced degree Marketing MBA). Yet, my 2020-21 salary is more than $50,000 less than my closest colleague and nearly $60,000 less than the salaries of the others. While my budget or personnel may not compare with theirs, my requirements for accessibility and responsibility are comparable.

32. In response to her June 2021 request for a raise, Superintendent Lucero informed Beadle that her request was denied, and told her that the President of the Board of Education, in an effort to justify Beadle's low salary compared to other Cabinet officers, had suggested removing her job from the Cabinet.

33. Superintendent Lucero did acknowledge that Beadle was paid less than the other Cabinet members.

34. On September 2, 2021, Beadle submitted her letter of resignation, having been constructively discharged by virtue of SBE's refusal to pay her an equitable salary.

35. In December 2021, SBE hired a replacement for Beadle as Public Affairs Officer, Justin Martin ("Martin"), a male.

36. SBE paid the male Martin $167,710, or $46,724 more than Beadle had been earning at the time of her resignation for the same job, requiring equal skill, effort, and responsibility, and under the same working conditions.

37. SBE willfully paid Beadle lower wages than Martin and the other male Cabinet officers for substantially equal work because she was female, in violation of Equal Pay Act and the State of Connecticut Equal Pay Act, Conn. Gen. Stat §§ 31-75 and 31-76.

38. SBE's paying Beadle of inferior compensation for comparable work caused her to suffer severe emotional distress, since she had dedicated so much of her life to Stamford Public Schools and her job, had performed at an extremely high level, and was universally praised by her superiors for her contributions.

## VIOLATION OF FEDERAL EQUAL PAY ACT

39. Beadle repeats and re-alleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

40. At all times relevant to this action, Beadle was employed by defendant SBE within the meaning of the Fair Labor Standards Act, 29 U.S.C § 203(e), as amended to include the Equal Pay Act, 29 U.S.C. § 206(d) *et seq.*

The acts, practices and policies of SBE, as set forth above, constitute discrimination against Beadle, in violation of the Equal Pay Act, 29 U.S.C. § 206(d) *et seq.*, by unlawfully paying female employees less than male employees for equal work.

7

{02096761; 2}

41.     Defendant's violations of the Equal Pay Act were willful and/or reckless, entitling Plaintiff to the three-year statute of limitations under the Equal Pay Act.

### VIOLATION OF CONNECTICUT EQUAL PAY LAW

42.     Beadle repeats and re-alleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

43.     In violation of the Connecticut Equal Pay Law, Conn. Gen. Stat. §§ 31-75 and 31-76, SBE discriminated against Beadle when it paid her at a rate less that the rate at which it paid its male employees for comparable work, based upon the skill, effort and responsibility and performed under similar working conditions.

44.     SBE's years-long sex discrimination against Beadle in compensation caused her extreme emotional distress, for which she is entitled to compensatory damages.

45.     Defendant's violation of the Connecticut Equal Pay Law were intentional and/or committed with reckless indifference to Beadle's rights, entitling her to punitive damages.

### DEMAND FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to grant the following relief:

(a) Find that SBE discriminated against Beadle in violation Equal Pay Act, 29 U.S.C. § 206(d) *et seq.*, and enjoin SBE from violating the Equal Pay Act by paying women at rates lower than men for substantially the same work;

(b) Find that SBE discriminated against Beadle in violation of the Connecticut Equal Pay Law, Conn. Gen. Stat. §§ 31-75 and 31-76 , and enjoin SBE from violating the Equal Pay Act by paying women at rates lower than men for comparable work;

(c) Award Plaintiff back wages and lost benefits, attorney's fees, costs, interest, and liquidated damages in the amount of one hundred percent of Plaintiff's back pay for three years prior

to the filing of this complaint, due to SBE's willful and reckless conduct directed at Beadle in violation of the Equal Pay Act, 29 U.S.C. § 206(d) *et seq.*, pursuant to 29 U.S.C. § 216(b);

(d) Award Beadle punitive damages for its intentional and/or reckless indifference to Beadle's rights under the Connecticut Equal Pay Law.

(e) Issue a declaratory judgment that the practice complained of herein are unlawful under the Equal Pay Act, 29 U.S.C. § 206(d) *et seq.*

(f) Issue a declaratory judgment that the practice complained of herein are unlawful under the Connecticut Equal Pay Law, Conn. Gen. Stat. §§ 31-75 and 31-76.

**DEMAND FOR TRIAL BY JURY**

Pursuant to FRCP 38(b), Plaintiff demands a trial by jury.

Dated: March 31, 2022

Respectfully submitted,

By: _____
Frank J. Riccio, Esq.
The Law Offices of Frank J. Riccio LLC
923 East Main Street
Bridgeport, Connecticut 06608
FrankRiccio@ricciolaw.com

John A. Beranbaum, Esq.*
Reavis Page Jump LLP
41 Madison Avenue, 41st Floor
New York, NY 10010
JBeranbaum@rpjlaw.com

*Motion for admission *pro hac vice* pending

9

{02096761; 2}